IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTINE A. PRZYCHOCKI,** | Case No. 3:12-CV-02307-SU |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATION** |
| **CAROLYN W. COLVIN,** Commissioner of Social Security, | |
| <u>          </u> Defendant. | |

SULLIVAN, Magistrate Judge:

      Christine Przychocki ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II

and XVI of the Act. For the reasons set forth below, the Commissioner's decision should be affirmed.

## PROCEDURAL BACKGROUND

In 2006, plaintiff protectively filed applications for SSI and DIB, alleging a disability onset date of June 22, 1999. Tr. 96, 196, 198. Her applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 63. A hearing was held on January 29, 2009 before ALJ Dan Hyatt, who issued a decision finding plaintiff not disabled on February 26, 2009. Tr. 63, 93. Plaintiff's subsequent request for review was granted by the Appeals Council, and the case was remanded to the ALJ with instructions ("Remand Order"). Tr. 108-11.

On remand, the ALJ held a second hearing and took testimony from a vocational expert ("VE"). Tr. 19, 35-36, 53. In a decision dated October 20, 2011, the ALJ again found plaintiff was not disabled. Tr. 16-29. The Appeals Council denied plaintiff's request for review, making the ALJ's decision final. Tr. 1, 338. Plaintiff now seeks judicial review of that decision.

## FACTUAL BACKGROUND

Born in May, 1978, plaintiff was 33 years old at the date of the decision under review. Tr. 16, 196. She completed high school and has some college education. Tr. 66. Plaintiff has past work experience as a call center customer service representative. Tr. 46, 224. She alleges disability based on a combination of impairments including degenerative disc disease of the lumbar spine, obesity, thyroid disorder, borderline personality disorder, bipolar disorder, pain disorder, major depressive disorder, and anxiety disorder. Tr. 223.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v.*

Page 2 – FINDINGS AND RECOMMENDATION

*Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant has the residual functional capacity ("RFC") to perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 1, 2005. Tr. 21. At step two, the ALJ determined that plaintiff's degenerative disc disease, borderline personality disorder, affective disorders, and obesity were severe impairments. *Id*. At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 22-23.

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: she can lift up to 10 pounds frequently and 20 pounds occasionally; she can stand six out of eight hours, walk four out of eight hours, and sit for six out of eight hours; she can have no face-to-face contact with the public; her work tasks must

be "predictable and routine;" and she can have no more than frequent interactions with the public and occasional interactions with supervisors and coworkers. Tr. 24. At step four, the ALJ found that plaintiff could perform her past relevant work as a call center customer service representative. Tr. 29. The ALJ accordingly concluded that plaintiff was not disabled within the meaning of the Act. *Id.*

## DISCUSSION

Plaintiff alleges that the ALJ erred by: (1) failing to comply with the Appeals Council's Remand Order; and (2) classifying her past work at a call center as "past relevant work" under the Regulations. Because the ALJ's decision was supported by substantial evidence, it should be affirmed.

I.     Compliance with Remand Order

Plaintiff first argues that the ALJ failed to comply with the Appeals Council's Remand Order. The Remand Order provides, in relevant part:

> The hearing decision found that the claimant retains the ability to perform her past relevant work as a call center customer service worker …. However, a review of the requirements of this position suggests a heighten[ed] level of interaction with the general public, which would likely conflict with the social functioning limitations assigned to the claimant in the decisions' residual functional capacity. Moreover, because this finding conflicts with the Dictionary of Occupational Titles, and specifically the requirements for the above listed job, vocational expert testimony is needed to resolve the inconsistency.

Tr. 109-10. Plaintiff contends that the ALJ erred because he did not resolve the inconsistency between plaintiff's RFC and the requirements of the call center customer service representative job.

The reviewing court's remand order may include "detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) (citation omitted). The ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not

Page 5 – FINDINGS AND RECOMMENDATION

inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b). Nevertheless, failure to follow a remand order cannot be the sole reason to reverse or remand the ALJ's final decision regarding a claimant's disability. *See Strauss v. Comm'r*, 635 F.3d 1135, 1136–1138 (9th Cir. 2011) (district court erred in awarding benefits for failure to follow remand order without first ascertaining whether the claimant was disabled). Rather, "[t]he ALJ's errors are relevant only as they affect that analysis on the merits. A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id*. at 1138. Accordingly, the issue before this court is not whether the ALJ complied with the Appeals Council's instructions, the issue is whether the ALJ's decision is based on substantial evidence and is free of legal error. *See Strauss*, 635 F.3d at 1138; *see also Hernandez-Devereaux v. Astrue*, 614 F. Supp. 2d 1125, 1134 (D. Or. 2009) ("to the extent that the ALJ here failed to properly follow the [remand] instructions, she committed reversible error unless the errors were harmless, i.e., they would not have affected the ALJ's ultimate conclusions") (citation omitted); *Wentzek v. Colvin,* 2013 WL 4742993 (D. Or. Sept. 3, 2013).

In the initial decision vacated by the Appeals Council, the ALJ found that plaintiff has the RFC to perform a range of light work with "only occasional face to face contact with the public." Tr. 101. This RFC was based in part on the ALJ's finding that plaintiff had moderate limitations in concentration, persistence, or pace. In the first hearing, held on January 29, 2009, the ALJ asked vocational expert Kay Wise whether a person "limited to occasional face-to-face contact with the general public" could perform plaintiff's past work as a call center service representative. The VE responded:

> the call center work, even though it isn't face-to-face[,] was a customer service position, so she was receiving calls of various types, meaning some complaints so forth and so on, and certainly had the effects of working with the general public. I would say it would be questionable in this hypothetical.

Page 6 – FINDINGS AND RECOMMENDATION

Tr. 85-86.

On remand, the ALJ again performed the sequential analysis and found that plaintiff retained the RFC to perform modified light work with some limitations. Tr. 24. The ALJ limited plaintiff to "predictable and routine tasks" and stated that she "can have no face-to-face contact with the public." This RFC assessment was based in part on the ALJ's finding that plaintiff had only *mild* limitations in concentration, persistence or pace. At the hearing that preceded his second decision, ALJ heard testimony from VE Paul Morrison, who stated that a person with plaintiff's limitations as stated in the RFC could perform work as a call center customer service representative.[1] Tr. 53. The ALJ concluded at step four that plaintiff retained the ability to perform her past work as a call center customer service representative, and therefore did not proceed to step five of the sequential analysis.

As noted, VE Kay Wise testified that it was "questionable" whether plaintiff could return to her past work as a call center customer service worker, because of the limitation on contact with the general public. Tr. 85-86, 105. Plaintiff argues that "[b]ecause the opinions of the two VE's are inconsistent, [the ALJ's] reliance on VE Morrison's opinion does not provide a basis of substantial evidence for his Step 4 finding." Pl.'s Opening Br., p. 7.

The court rejects this argument. Plaintiff alleges error due to an inconsistency in the testimony of two vocational experts. The vocational experts, however, were responding to distinct hypotheticals, at different hearings, relating to different RFCs. As discussed above, in the decision under review the ALJ found plaintiff had only mild difficulties in concentration, persistence and pace. Tr. 23. In the first decision, by contrast, the ALJ assessed plaintiff's restrictions in those areas as "moderate." Tr. 101. While the ALJ was not required to

---

[1] The VE also stated the plaintiff could perform work as an animal shelter clerk. *Id.*

Page 7 – FINDINGS AND RECOMMENDATION

accommodate mild limitations in the RFC, 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1), he accounted for plaintiff's mild limitations by restricting her to "predictable and routine" tasks. Tr. 24. Moreover, the second ALJ decision formulated a more detailed RFC regarding plaintiff's limitations on public contact and social interaction. While the first RFC merely restricted plaintiff to only occasional face-to-face contact with the public, the second RFC incorporated the limitations that plaintiff can have no face-to-face contact with the public; she can have no more than frequent interactions with the public and occasional interactions with supervisors and coworkers; and incidental interactions with supervisors and coworkers are not otherwise restricted. Tr. 24, 101. In the second hearing, the ALJ thus posed a hypothetical based on the revised RFC to the VE, and not surprisingly received an answer responsive to that RFC. On this record, the court can find no error any inconsistency alleged by plaintiff.

Plaintiff argues, finally, that the ALJ committed harmful error because he failed to reconcile the VE testimony with the definition of customer service representative provided by the Dictionary of Occupational Titles ("DOT"). SSR 00-4p provides that "[w]hen there is an apparent unresolved conflict between VE or VE evidence and the DOT, that adjudicator must elicit a reasonable explanation of the conflict before relying on the VE … evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p at *2. Plaintiff notes that VE Kay Wise testified at the first hearing that the job description for call center operator requires more public contact than a worker described in the ALJ's hypothetical based on the first RFC. Pl.'s R. Brief, p. 4. As discussed above, however, the ALJ considered and cited additional evidence in the record[2] and after the second hearing formulated a revised RFC; it was

---

[2] *See* Tr. 28. The Appeals Council instructed the ALJ to obtain and consider additional evidence regarding plaintiff's bipolar and personality disorder, which the ALJ did in evaluating plaintiff's revised RFC. Tr. 110.

Page 8 – FINDINGS AND RECOMMENDATION

this second RFC to which VE Marshall responded with the testimony that plaintiff could perform her past work based on the DOT definition.  The court thus finds no "unresolved conflict" between VE Marshall's testimony and the DOT.  On this record, the ALJ's interpretation of the VE testimony at the second hearing was rational and should be upheld.  *Burch*, 400 F.3d at 680-81.

II.     Past Relevant Work

Plaintiff also argues that the ALJ erred because he deemed her past work as a call center customer service representative to be "past relevant work."  *See* Tr. 29.  "Past relevant work is work that [the claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  20 C.F.R. §§ 404.1560(b), 416.960(b).  Substantial gainful activity is work a claimant "does for pay or profit, whether or not a profit is realized," 20 C.F.R. §§404.1572(b), 416.972(b), and the "work may be substantial even if it is done on a part-time basis."  *Id.* §§ 404.1572(a), 416.972(a).  "Generally, in evaluating … work activity for substantial gainful activity purposes, our primary consideration will be the earnings … derived from the work activity ….  However, the fact that … earnings were not substantial will not necessarily show that [a claimant is] not able to do substantial gainful activity."  *Id.* §§ 404.1574(a)(1), 416.974(a)(1).

When asked about her employment history, plaintiff testified that she had performed customer service work for Verizon Wireless through a customer service agency.  Tr. 69-70.  She stated that she performed this type of work from July 2005 to March 2006.  Tr. 44, 244 (plaintiff's work history report filed in her application), Tr. 1000 (note from David Gostnell, Ph.D., that plaintiff's "longest single job was doing customer service for Verizon for about eight months").  Averaging plaintiff's earnings over the eight-month period in which she worked as a customer service representative, the court finds that plaintiff's earnings exceed the substantial

Page 9 – FINDINGS AND RECOMMENDATION

gainful activity thresholds for 2005 and 2006.  20 C.F.R. §§ 404.1574(b)(2)(ii)(B), 416.974(b)(2)(ii)(B); *substantial gainful activity*, http://www.ssa.gov/oact/cola/sga.html.

Plaintiff's argument that her work in 2005 and 2006 did not meet the income threshold for substantial gainful activity for the years indicated is based on plaintiff's total wages averaged over a 12-month period; however, the record indicates that plaintiff worked for Livebridge, Inc., for 8 months.  *See* Pl.'s Opening Brief, p. 8.  The court thus finds that plaintiff's argument that her work does not meet the income threshold for the relevant years is incorrect.  *See, e.g.,* 20 C.F.R. §§ 404.1574(b)(3)(i) (indicating that the Agency will consider a claimant's average *monthly* earnings when assessing whether the claimant has engaged in substantial gainful activity); *McDonald v. Astrue*, 2012 WL 1029951 (D. Or. March 26, 2012).  On this record, the ALJ's determination that plaintiff's past work as a customer service representative in a call center qualified as past relevant work was supported by substantial evidence and should therefore be affirmed.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due May 12, 2014.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 24th day of April, 2014.

                                            /s/ Patricia Sullivan_____

                                            Patricia Sullivan
                                            United States Magistrate Judge